**O'HAGAN MEYER LLP**
VINCENT R. FISHER, SB# 276334
   Email: VFisher@ohaganmeyer.com
JOSE CRUZ ZAVALA-GARCIA, SB# 332671
   Email: CZavala@ohaganmeyer.com
JACQULYNN A. OLIVAREZ, SB# 334923
   Email: JOlivarez@ohaganmeyer.com
One Embarcadero Center, Suite 2100
San Francisco, California 94111
Telephone: 415.604.0159

Attorneys for Defendant CENTRAL NETWORK RETAIL GROUP, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LAWRENCE MORSE and OWEN SMITH JR., individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>CENTRAL NETWORK RETAIL GROUP, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 3:25-CV-06411-AMO<br><br>**JOINT STIPULATION; [PROPOSED] ORDER**<br><br>Action Filed in State Court: October 25, 2024 |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Central Network Retail Group, LLC, ("Defendant") and Plaintiffs Steven Lawrence Morse and Owen Smith Jr. ("Plaintiffs"), (collectively with Defendant, the "Parties"), by and through their respective counsel of record herein, hereby stipulate as follows:

WHEREAS, on October 25, 2024, Plaintiff Morse filed a class action complaint in the Superior Court of the State of California, County of Alameda, captioned *Steven Lawrence Morse, individually, and on behalf of others similarly situated v. Central Network Retail Group, LLC, a limited liability company; and DOES 1 through 50,* as case number 24CV097267 (the "Complaint");

WHEREAS, the Complaint alleges (1) Failure to Pay Minimum and Straight Time Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Meal Periods; (4) Failure to Authorize and Permit Rest Periods; (5) Failure to Provide Accurate Itemized Wage Statements; (6) Failure to Timely Pay Final Wages at Termination; (7) Failure to Indemnify Employees for Expenditures; and (8) Violation of Cal. Bus. & Prof. Code § 17200, *et. seq.*;

WHEREAS, on January 30, 2025, Plaintiff Morse filed a first amended complaint to now include a second named plaintiff, Owen Smith Jr., and recaptioned the Complaint as *Steven Lawrence Morse and Owen Smith Jr., individually, and on behalf of others similarly situated v. Central Network Retail Group, LLC, a limited liability company; and DOES 1 through 10* (the "FAC"). The FAC did not add any new claims;

WHEREAS, on May 16, 2025, Defendant answered the FAC;

WHEREAS, on May 30, 2025, Plaintiffs lodged individual notices with the Labor and Workforce Development Agency, outlining their intention to seek civil penalties against Defendant for alleged violations of the California Labor Code pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code §§ 2698, *et. seq.*;

WHEREAS, on July 30, 2025, Defendant removed the case to this Court, asserting federal jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2);

WHEREAS, on August 4, 2025, Plaintiffs expressed a desire to file a second amended complaint in order to include claims for civil penalties pursuant to PAGA;

WHEREAS, the Parties have agreed to mediation and said mediation is scheduled to take place on February 18, 2026, before the Hon. Carl J. West (Ret.);

WHEREAS, Defendant has agreed to informally produce information sufficient to support mediation, such as relevant policy documents, data samples, and other information.

WHEREAS, the Parties agree that further ongoing litigation, formal discovery, and the like, including motion practice, pending mediation would create significant barriers to resolution, unnecessarily increase litigation costs, and needlessly consume Party and Court resources.

THEREFORE, the Parties agree as follows:

1. The case is stayed pending mediation except that Plaintiffs may file a second amended complaint to include claims for PAGA penalties.
2. The Parties shall provide a joint report to the Court no later than 21 days after the mediation, informing the Court of the outcome of mediation, the status of any efforts to document a settlement agreement, and any other pertinent matters. If mediation is cancelled, the Parties shall submit a joint report no later than 14 days of such cancellation, and the case will resume as of the date such report is filed.
3. Plaintiffs' motion to remand shall be due not later than 30 days after mediation or not later than 30 days after cancellation of the mediation, as relevant.
4. Defendant's responsive pleading to the second amended complaint shall be due not later than 30 days after the Court's order denying remand, if any, or as otherwise ordered by the Court.
5. Neither this stay nor Defendant's participation in the mediation shall prejudice Defendant's rights, if any, to compelling arbitration, and nothing herein shall prejudice Plaintiffs' defenses, if any, to Defendant's efforts to compel arbitration.
6. Neither this stay nor Defendant's participation in the mediation shall prejudice Defendant's right to seek an early evaluation conference under Cal. Lab. Code § 2699.3(f)(1)(A) as to Plaintiffs' PAGA claims, and nothing herein shall prejudice Plaintiffs' defenses, if any, to Defendant's request for a PAGA early evaluation conference.

7. The statute of limitations, including the five-year statute of limitations to bring a case to trial is tolled for the time this stay is in effect.

**IT IS SO STIPULATED.**

DATED: August 21, 2025            **O'HAGAN MEYER LLP**

By: _____
Vincent R. Fisher
Jose Cruz Zavala-Garcia
Jacqulynn A. Olivarez
Attorneys for Defendant Central Network Group, Inc.

DATED: August 21, 2025            **WILSHIRE LAW FIRM**

By: _____
Tyler J. Woods
James Yoo
Heriberto Ponce
Ruby Carrera
Attorneys for Plaintiffs STEVEN LAWRENCE MORSE and OWEN SMITH JR.

**[PROPOSED] ORDER**

Having considered the Parties' Joint Stipulation, good cause appearing, IT IS ORDERED:

1. The case is stayed pending mediation except that Plaintiffs may file a second amended complaint to include claims for PAGA penalties.

2. The Parties shall provide a joint report to the Court no later than 21 days after the mediation, informing the Court of the outcome of mediation, the status of any efforts to document a settlement agreement, and any other pertinent matters. If mediation is cancelled, the Parties shall submit a joint report no later than 14 days of such cancellation, and the case will resume as of the date such report is filed.

3. Plaintiffs' motion to remand, if any, shall be due not later than 30 days after mediation or not later than 30 days after cancellation of the mediation, as relevant.

4. Defendant's responsive pleading to the second amended complaint shall be due not later than 30 days after the Court's order denying remand, if any, or as otherwise ordered by the Court.

5. Neither this stay nor Defendant's participation in the mediation shall prejudice Defendant's rights, if any, to compelling arbitration, and nothing herein shall prejudice Plaintiffs' defenses, if any, to Defendant's efforts to compel arbitration.

6. Neither this stay nor Defendant's participation in the mediation shall prejudice Defendant's right to seek an early evaluation conference under Cal. Lab. Code § 2699.3(f)(1)(A) as to Plaintiffs' PAGA claims, and nothing herein shall prejudice Plaintiffs' defenses, if any, to Defendant's request for a PAGA early evaluation conference.

7. The statute of limitations, including the five-year statute of limitations to bring a case to trial, is tolled for the time this stay is in effect.

8. A Post-Mediation Conference is scheduled for _____ at _____.

**IT IS SO ORDERED.**

DATED:  August 25, 2025            By: _/s/ Araceli Martínez-Olguín_

   Honorable Araceli Martínez-Olguín
   Judge of the United States District Court for
   the Northern District of California